IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **KERMIT L. STEPHENS, CAHABA PRESSURE TREATED FOREST PRODUCTS, INC.; and CAHABA TIMBER, INC.,** )<br>)<br>)<br>)<br>)<br>Plaintiffs,                                    )<br>                                    )<br>vs.                                    )<br>                                    )<br>**JAMES S. BUTTRAM, III and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA** )<br>)<br>)<br>)<br>**Defendants.**                        ) | Civil Action Number<br>**7:08-cv-1221-UWC**<br>**7:08-cv-1229-UWC**<br>**7:08-cv-1231-UWC** |

**MEMORANDUM OPINION ON JURISDICTION**

In these removal actions, Plaintiff Kermit L. Stephens ("Stephens") and his companies assert various state law claims (negligence, breach of contract, misrepresentation) against Defendant Prudential Insurance Company ("Prudential") and its authorized independent representative, James S. Buttram ("Buttram"), relating to three insurance policies.. Prudential has removed these cases from the Circuit Court of Bibb County, Alabama to this Court on the basis of diversity jurisdiction.

If there is a lack of complete diversity, this Court lacks jurisdiction.[1] The Court

---

[1] The jurisdictional statute, 28 U.S.C. § 1332(a)(1), provides in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy

has an independent obligation to assure itself that it has the power to proceed with the case. A review of the complaint yields the conclusion that it does not.

I

According to the complaint, Stephens sought to purchase life insurance that includes a "waiver of premium" clause. Under such a clause, if the insured becomes totally disabled the premiums are waived and, upon the death of the insured, the beneficiary collects on the policy as if the premiums had been paid throughout the insured's life. Because Stephens "had the greatest difficulty in reading and understanding policies of insurance and their terms," he sought the assistance of Buttram, who "explained that there are different types of waiver of premium policies" and explained the various "terms, conditions and benefits" of the available policies. (Compl. ¶¶ 9-10, 26-27 .) Stephens purchased the policies based on Buttram's representations to him..

Several years later, after a physician declared Stephen disabled, he sought Buttram's assistance in applying for waiver of premium benefits. However, Stephens' application was denied. Stephens thus asserts claims against Buttram for negligence, misrepresentation and breach of contract under Alabama law. According to Stephens, Buttram failed to procure the "specific type of waiver of

---

exceeds the sum of $75,000, exclusive of interests and costs, and is between — citizens of different states.":

premium benefit" Stephens requested. (Compl. ¶¶ 27-28.)

II

In its removal notice, Prudential contends that Stephens, a citizen of Alabama, fraudulently joined Buttram, also an Alabama citizen, in order to defeat diversity jurisdiction.

A defendant seeking to prove fraudulent joinder must demonstrate by clear and convincing evidence either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citation omitted).

III

Prudential asserts that Stephens cannot prove that Buttram committed negligence or engaged in misrepresentation because Buttram did in fact do what Stephens requested: secure a policy with a waiver of premium clause. According to Prudential, the denial of Stephens' application for the waiver did not occur due to lack of coverage, but instead due to a determination by Prudential that Stephens was not disabled as defined by the policy. Accordingly, Prudential argues that Stephens cannot assert a viable cause of action against Buttram.

This argument fails because Stephens does not simply assert Buttram failed to

secure a policy with a premium waiver clause, but that Stephens sought a "specific type" of premium waiver coverage. Buttram, in turn "explained that there were different types of waiver of premium policies" and explained the "various terms, conditions and benefits of the available policies." (Compl. ¶¶ 9-10, 26-28 .) Without a doubt, these allegations support claims against Buttram for failing to deliver the type of waiver coverage Stephens requested, failing to accurately explain the terms of the coverage and failing to accurately explain the level of disability needed to recover.

## Conclusion

Because Prudential has not met its heavy burden of demonstrating that "there is no possibility [Stephens] can establish a cause of action against [Buttram,] the resident defendant," the Court finds that Buttram was not fraudulently joined .

On this finding, it follows that the requisite complete diversity doe not exist; and, accordingly, and that this action must be remanded. *See Henderson*, 454 F.3d at 1281.

By separate order, it will be done.

_____
U.W. Clemon
United States District Judge